The document below is hereby signed.

Signed: August 4, 2020



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROBERT CODRINGTON WALKER, | ) | Case No. 19-00457 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE RICH T. COWARD'S
REQUEST FOR HEARING CONCERNING TRUSTEE'S FINAL REPORT

Bryan Ross, the Chapter 7 trustee, has filed a Final Report proposing distribution of the estate's assets to creditors (Dkt. No. 108).  Creditor Rich T. Coward has filed a letter requesting a hearing ("Request for Hearing") (Dkt. No. 110) and asserting an objection to the amount proposed for distribution towards his claim.  The Request for Hearing requests that the entirety of the distribution funds, up to $100,000, be distributed to Coward, asserting that Coward has made over that amount in verifiable investments in 1750 Poplar Lane N.W. Washington D.C. 20012 (the "Property").  However, Coward has only filed a proof of claim for $61,758.46.  The Request for Hearing and papers attached to it cannot serve as a proof of claim for any additional amount.

The Chapter 7 trustee has considered Coward's claim to have been tardily filed, and this assessment appears correct. The last day for non-governmental creditors to file timely claims was April 30, 2020. Coward's proof of claim signed and filed on May 1, 2020, purports to amend a prior claim filed on April 30, 2020. However, the Claims Register does not reflect any such timely prior filing by Coward.

In examining Coward's proof of claim, it appears that he may be entitled to receive $3,025.00 as a priority claim, but it does not appear that he has shown any other error in the trustee's proposed distributions.

1. <u>§ 507(a)(7) Priority Claim for $3,025.00</u>. Coward's proof of claim was filed on May 1, 2020, after the April 30, 2020 bar date under 11 U.S.C. § 501(a) for filing claims. The proof of claim asserted a total claim of $61,758.46, of which $3,025.00 was claimed to be a priority claim under 11 U.S.C. § 507(a)(7). No objection was filed to the priority claim of $3,025.00, and it stands at the moment as an allowed priority claim for $3,025.00

entitled to payment under 11 U.S.C. § 726(a)(1) even though the claim was filed after the bar date for filing claims.[1]

    2. <u>Unsecured $58,733.46 Claim not Entitled to Priority</u>. The $58,733.46 remainder of Coward's $61,757,45 claim asserted on the proof of claim is asserted as an unsecured claim not entitled to priority.  The trustee's proposed distribution treats the claim as an untimely claim not entitled to distribution until after timely filed claims are paid.  Coward does not assert in his Request for Hearing that, within the meaning of 11 U.S.C. § 726(a)(2)(C), he "did not have notice or actual knowledge of the case in time for timely filing of a proof of [his] claim under section 501(a)" such as to be entitled to have the $58,733.46 claim share pro rata with timely filed claims of the same character (unsecured claims not entitled to priority under § 507(a)).  And the Request for Hearing itself reveals that he is

---

[1] Section 726(a)(1) (with an exception regarding subordination that does not appear to apply here), provides that, property of the estate shall be distributed:

> first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of--
>     (A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or
>     (B) the date on which the trustee commences final distribution under this section.

The proof of claim was filed on May 1, 2020, before the earlier of either of the two dates specified in § 726(a)(1)(A) and (B).

not in a position to make such an assertion.[2]  He does not assert that the claim was secured by a lien.  Accordingly, he has not shown any error in the trustee's proposed treatment of the $58,733.46 claim.

    3.  <u>Coward's Assertion that he is Entitled to All of the Distribution Funds</u>.  Coward's Request for Hearing included significant documentation supporting his claim for funds he expended on the Property, in part pursuant to a contract (appended to the proof of claim) that was supposed to lead to his owning the Property and perhaps in part in an effort to ready the Property for sale.  However, this does not establish any valid grounds showing that Coward is entitled to receive all of the distribution funds.  First, his proof of claim and his Request for Hearing do not show that his expenditures are entitled to allowance as an administrative claim under any of the paragraphs set forth in 11 U.S.C. § 503(b).  Second, he does not assert that his claim is a secured claim (for example, a claim secured by a deed of trust or other lien on the Property).  Finally, he does not assert that the Property belonged to him.  He may have had a contract to become the owner of the Property, and may have

---

    [2]  The Request for Hearing includes Coward's communication of January 29, 2020, to Ross as trustee showing that Coward was aware of the bankruptcy case by at least as early as January 22, 2020, ninety-eight days before the bar date of April 30, 2020.  And the trustee served a motion (Dkt. No. 80) on Coward on March 25, 2020, still many days before the bar date of April 30, 2020.

assisted the debtor in making improvements or repairs to the Property but that does not make him the owner of the Property. Even if he could claim to be the owner, pursuit of that claim would require an adversary proceeding complaint by reason of Fed. R. Bankr. P. 7001.  Moreover, Coward does not assert that he recorded any ownership interest with the Recorder of Deeds, and it thus appears that the trustee would be able to avoid any such interest by reason of 11 U.S.C. § 544(a)(3) (vesting the trustee with the rights of a bona fide purchaser of any real property).

It is thus

ORDERED that within 21 days after entry of this order, the trustee, Coward, and other claimants shall each show cause, if any the trustee, Coward, or any other claimant has, why the court ought not direct the trustee to modify the distributions he proposes:

    (1) by providing for full payment of Coward's priority claim for $3,025.00, thereby reducing the amount available for timely filed unsecured claims not entitled to priority by $3,025.00 to $18,500.94;

    (2) then making distribution of a 98.89% dividend on timely filed unsecured claims as follows:

| Claim No. | Claimant | Allowed Amount | Proposed Payment of Claim |
|---|---|---|---|
| 000002 | Ashley Funding Services, LLC | $101.00 | $99.87 |
| 000005 | Brenda Donald | $10,210.00 | $10,095.38 |
| 000004B | Comptroller of Maryland | $8,400.00 | $8,305.69 |
| Total to be paid to timely general unsecured creditors: | | | **$18,500.94** |
| Remaining Balance | | | **$0.00** |

and then

(3) making no distribution on the $58,733.46 balance of Coward's claim.

It is further

ORDERED that Coward's request for a hearing is denied unless whatever the trustee, Coward, and other claimants may file in response to this order shows the need for an actual hearing.

[Signed and dated above.]

Copies to: E-recipients of orders; all entities on BNC mailing list;

Rich T. Coward
1341 Jonquil Street, N.W.
Washington, D.C.  20012