The order below is hereby signed.

Signed: October 30 2020



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| ROBERT CODRINGTON WALKER, ) | Case No. 19-00457 |
| ) | (Chapter 7) |
| Debtor. ) | Not for publication in |
| ) | West's Bankruptcy Reporter |

### MEMORANDUM DECISION AND ORDER APPROVING CHAPTER 7 TRUSTEE'S AMENDED FINAL REPORT AND OVERRULING CREDITOR'S OBJECTION THERETO

Before the Court are the Chapter 7 Trustee's *Amended Final Report and Proposed Distribution* (ECF No. 116) and Creditor Rich T. Coward's *Objection* thereto (ECF No. 117). Pursuant to the oral decision announced at the end of the hearing held on October 8, 2020, and for the reasons discussed below, the Court will approve the *Amended Final Report and Proposed Distribution* and overrule the *Objection*.

### Background and Procedural History

Short Sale of Property of the Estate

On July 10, 2019, Robert C. Walker (the "Debtor") filed a petition under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor voluntarily converted the case to chapter 7 in December 2019. Upon conversion Bryan S. Ross was appointed chapter 7 trustee (the "Trustee"). On December 18, 2019, the Court entered its *Notice of Chapter 7 Bankruptcy Case* which was noticed to all creditors. ECF No. 42. On January 29, 2020, the Trustee issued his

1

Request for Notice and the Court entered the *Notice of Possible Dividends and Deadline to File Proof of Claim* (the "Notice"). ECF No. 62. Pursuant to the Notice, the deadline for creditors to file a proof of claim was April 30, 2020.[1]

Neither Rich T. Coward ("Mr. Coward"), nor any entity operated by Mr. Coward, were listed in the Debtor's bankruptcy schedules filed at the commencement of the Debtor's case. *See* ECF Nos. 1 & 21. However, the undisputed facts in the record show that Mr. Coward had actual knowledge of the Debtor's chapter 7 case no later than January 22, 2020, prior to the entry of the Notice. ECF No. 80, Exhibit A.

On March 25, 2020, the Trustee, by counsel, filed a *Motion to Compel Debtor and Occupants to Turn Over Property of the Estate and to Cooperate With the Trustee, and for Authority to Change Locks* (the "Motion to Compel"). ECF No. 80. Mr. Coward was served a copy of the Motion to Compel and given an opportunity to object to the same. *Id.* As more fully set forth in the Motion to Compel, the Trustee disclosed that Mr. Coward was a realtor previously hired by the Debtor to assist the Debtor in the sale of the real property located at 1750 Poplar Lane NW, Washington, D.C. 20012 (the "Property"). Beginning in January 2020, the Trustee had extensive communications with Mr. Coward with respect to the Property, primarily to ensure that Mr. Coward removed all of his personal belongings from the Property prior to the Trustee's sale of the Property. Mr. Coward had initially indicated his intent to cooperate with the Trustee; however, Mr. Coward changed his position on the matter, and the Trustee was required to bring the Motion to

---

[1] The Notice states that "Pursuant to Bankruptcy Rule 3002(c)(5), the deadline for filing a Proof of Claim is fixed as 90 days after the mailing of this notice". The Notice was mailed on January 31, 2020. As 2020 is a leap year, 90 days after January 31, 2020 was April 30, 2020.

2

Compel. On April 19, 2020, the Court entered the *Order Compelling Debtor to Turn Over Property of the Estate and Cooperate With the Trustee, and Authorizing Trustee to Change Locks* (the "Order on the Motion to Compel"). ECF No. 90. The Order on the Motion to Compel directed Mr. Coward to cooperate with the Trustee as set forth therein and was duly served on Mr. Coward. *Id.*

On April 14, 2020, the Trustee, by counsel, filed his *Motion for Authority to Sell Real Property Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363* (the "Motion to Sell"). ECF No. 85. The Motion to Sell was served on Mr. Coward. *Id.* The Motion to Sell sought authority from the Court for the Trustee to sell the Property via private short sale with the consent of the secured lender and providing a payment to the estate for the benefit of creditors. *Id.* All creditors and parties in interest, including Mr. Coward, were given ample opportunity to object to the Motion to Sell. On May 11, 2020, the Court entered the *Consent Order Granting Motion for Authority to Sell Real Property Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363* (the "Order on the Motion to Sell").[2] ECF No. 96. Mr. Coward raised no objections to either the Motion to Sell, the Motion to Compel, the Order on the Motion to Compel, or the Order on the Motion to Sell. On May 27, 2020, as amended on June 9, 2020, the Trustee filed his *Report of Sale* for the Property, showing a payment from sales proceeds of $70,000.00 to the Debtor's bankruptcy estate (the "Sales Proceeds"). ECF. Nos. 97 & 104, Exhibit A.

---

[2] The consent on the Order on the Motion to Sell was from the secured lender.

Proofs of Claim

Six creditors filed timely proofs of claim in this case. Two of the timely claims which were secured by the Property were paid at the closing of the sale of the Property. On May 4, 2020, the clerk of court docketed a proof of claim filed by Mr. Coward and dated May 1, 2020 for "contractual obligation, breach of performance" in the amount of $61,758.46, including a priority amount of $3,025.00 in the official claims register as claim number 7 (the "Coward Proof of Claim").[3] The Coward Proof of Claim purports to amend a prior claim filed on April 30, 2020, but the Claims Register does not reflect any such timely prior filing by Mr. Coward.

The Trustee's Proposed Final Reports and This Court's Prior Memorandum Decision

On July 6, 2020, the Trustee filed his *Trustee's Final Report*, indicating his proposed distribution of the Sales Proceeds (the "Trustee's First Report"). ECF No. 108. In the Trustee's First Report, at page 12, the Trustee classified the Coward Proof of Claim as a "tardily filed general (unsecured) claim" in the allowed amount of $61,758.46, with a proposed distribution of $2,814.94 or 4.6 percent of his claim, representing funds available after the payment in full of all priority and timely filed unsecured claims (the "First Proposed Dividend"). *Id.* The Court notes that the Trustee voluntarily reduced his statutory commission on the sale of the Property in the Trustee's First Report to provide for a 100 percent dividend to all timely filed proofs of claim. But for the voluntary reduction, the total funds available for distribution would be substantially reduced. Mr. Coward was served notice of the Trustee's First Report on July 7, 2020. ECF No. 109.

---

[3] Due to the COVID-19 crisis, the clerk's office was operating at minimal staffing levels resulting, at times, in delays of the receipt of paper filings and the electronic docketing of the same. The Court's Local Bankruptcy Rule 5005-1(d), as discussed *infra*, sets forth procedures to preserve filing dates of paper documents despite any delays in electronic docketing thereof.

4

On July 28, 2020, Mr. Coward filed his *Request for Hearing Date and Supplemental Documents* related to the Trustee's First Report (the "First Objection") attaching numerous additional papers and requesting that the entirety of the funds available for distribution, up to $100,000, be paid to him, despite the Coward Proof of Claim only having a claimed amount of $61,758.46. ECF No. 110. On August 5, 2020, the Court entered its *Memorandum Decision and Order Re Rich T. Coward's Request for Hearing Concerning Trustee's Final Report* (the "Memorandum"). ECF No. 111. In the Memorandum, the Court discussed at length its reasons for rejecting Mr. Coward's contentions contained in the First Objection including finding that the Coward Proof of Claim was filed on May 1, 2020 and therefore was untimely. *Id.* As a result, the Court denied most of the relief requested in the First Objection. *Id.* However, the Court found that as no objection was filed to the priority portion of the Coward Proof of Claim it must be allowed, and therefore, such claim is entitled to full payment as a priority distribution pursuant to §§ 507(a)(7) and 726(a)(1), absent a future objection thereto. *Id.* at 2-3. In the Memorandum, the Court found that Mr. Coward failed to allege:

> within the meaning of 11 U.S.C. § 726(a)(2)(C), he "did not have notice or actual knowledge of the case in time for timely filing of a proof of [his] claim under section 501(a)" such as to be entitled to have the $58,733.46 claim share pro rata with timely filed claims of the same character (unsecured claims not entitled to priority under § 507(a)).

*Id.* at 3. The Court additionally informed Mr. Coward that his proof of claim did not indicate that it was a secured claim or entitled to any other form of priority. *Id.* Moreover, and most importantly, the Court indicated the following:

> The Request for Hearing includes Coward's communication of January 29, 2020, to Ross as trustee showing that Coward was aware of the bankruptcy case by at least as early as January 22, 2020, ninety-eight days before the bar date of April 30,

5

> 2020. And the trustee served a motion (ECF No. 80) on Coward on March 25, 2020, still many days before the bar date of April 30, 2020.

*Id.* at 4 n.2. The *Memorandum Decision* provided parties a 21-day period to show cause, if any, why the Court should not require the Trustee to modify his proposed distribution to provide for full payment of the priority portion of the Coward Proof of Claim and reduce the proposed dividend to timely filed general unsecured creditors from 100 to 98.89 percent and providing a 0 percent dividend to the unsecured portion of the Coward Proof of Claim. *Id* at 5-6.

Before the expiration of the 21-day period, on August 10, 2020, the Trustee filed his amended *Chapter 7 Trustee's Notice of Final Report* adopting the proposed dividend amounts set forth in the Court's *Memorandum Decision* (the "Trustee's Second Report"). ECF No. 113. The Trustee's Second Report was served on all creditors and parties in interest on August 11, 2020. ECF No. 116. On August 24, 2020, Mr. Coward filed his *Request for Hearing and Objection to Memorandum Decision* (the "Second Objection"). ECF No. 117. The Second Objection largely reiterated the facts raised in the First Objection. Additionally, for the first time, Mr. Coward alleged that he filed a proof of claim on or before the April 30, 2020 proof of claim deadline. Specifically, Mr. Coward alleged:

> In the memorandum decision and order it states that the Trustee's proposed distribution treats the claim, as an untimely claim not entitled to distribution until after timely filed claims are paid. Please review exhibit A. It shall show as proof that my original proof of claim was filed on or before April 30, 2020. To that end, I am requesting a hearing so that my full proof of claim of $61,757,45 can be considered as a priority claim. Being as though my claim was filed timely, I would like to have the remainder of my claim in the amount of $58,733,46 such as to be entitled to priority under 501 (a)) such as to be entitled to have the $58,733.46 claim share pro rata with timely filed claims of the same character.

6

*Id.* at 2 (typos in original). In support of his claim of a filing on April 30, 2020, Mr. Coward attached a copy of a proof of claim signed and dated April 30, 2020 (the "April 30, 2020 Claim Form") with the following stamps on the front first page:

   a) APR 30, 2020, SCREENED BY U.S. MARSHALS (the "U.S. Marshal Stamp")

   b) RECEIVED U.S. COURT OF APPEALS FOR THE D.C. CIRCUIT, 2020 APR 31 AM 2:59, FILING DEPOSITORY (the "Court of Appeals Stamp")

Notably, there is no stamp on the April 30, 2020 Claim Form from this Court's date stamp. At all times relevant herein, in the Court's overnight filing depository room there were separate date stamp machines clearly identified for the U.S. Bankruptcy and District Court for the District of Columbia and the Court of Appeals for the District of Columbia Circuit located by each court's overnight drop box.

On September 2, 2020, the Trustee, by counsel, filed his *Response to Request for Hearing and Objection to Amount Proposed for Distribution Filed by Richard Coward* (the "Trustee's Response"), wherein the Trustee plead his objections to the Coward Proof of Claim as evidenced by the Trustee's First Report and the Trustee's Second Report. ECF No. 118. Specifically, the Trustee noted that he had reservations about the validity of the Coward Proof of Claim both in its entirety and as a priority claim, but "given the cost of objecting to [the Coward Proof of Claim], and the near 100 [percent] distribution," in an exercise of his discretion and business judgment the Trustee chose not to object and to instead file the Trustee's Second Report.

Court's Internal Review of Time Stamps

As a result of the date stamps on the April 30, 2020 Claim Form, particularly the stamp indicating "April 31, 2020," a non-existent date, the Court conducted an internal investigation and

7

review related to the functionality and dates on its date stamp machines to determine how and why the machines may show a non-existent date. As a result of the internal investigation, the Court determined that the stamp machines require manual updates at the end of a month and do not have settings delineating between a 30-day month and a 31-day month. Thus, stamps on May 1, 2020 would have listed April 31, 2020 until such time as a staff member manually updated the date on May 1, 2020. In addition, as part of its internal review, the Court determined as follows with respect to a time clock issue around the dates in question in this case:

> Clifton Cislak, Chief Deputy Clerk for the United States Court of Appeals for the D.C. Circuit has advised this Court as follows: On the afternoon of May 1, 2020, a court employee notified Mr. Cislak that the time on the Court of Appeals's date stamp machine was wrong. Mr. Cislak tested the machine at 2:39 p.m. and the machine stamped the time as 5:36 p.m. Therefore, the time on the machine was 2 hours and 57 minutes fast at that point. However, Mr. Cislak does not know whether the date stamp machine was consistently 2 hours and 57 minutes fast during the entire day of May 1, 2020. A new machine was installed the next business day. On March 24, 2020, the date stamp machine was one hour fast. On March 25, 2020, a technician came and fixed the machine. On April 1, 2020, the date stamp machine was 10 minutes slow but at 10:12 a.m. that day, an employee emailed Mr. Cislak that he had fixed the machine and it displayed the correct time.

(the "Time Stamp Investigation Summary"). The Court further determined that as of October 8, 2020, no copy of the April 30, 2020 Claim Form had been located by the clerk of any court in the courthouse.

Hearing on Mr. Coward's Objection to the Second Proposed Dividend

The Court held a hearing on October 8, 2020 on the Trustee's Second Report, the Second Objection, and the Trustee's Response (the "Hearing"). At the Hearing, prior to the presentation of evidence by the parties, the Court read the Time Stamp Investigation Summary into the record. The Trustee presented evidence of an independent investigation into the filing of the April 30, 2020 Claim Form, including his review of the stamp utilized by the U.S. Marshals at the 24-hour

entrance to the Courthouse. The Trustee's investigation found that the U.S. Marshal stamp is a hand stamp for which the date is manually maintained by the U.S. Marshal service, not the Court.

Mr. Coward testified regarding the alleged filing of the April 30, 2020 Claim Form, claiming that he entered the Court's 24-hour entrance at 11:54 pm on April 30, 2020. Mr. Coward's testimony in support of an April 30, 2020 filing date relied heavily upon the U.S. Marshal Stamp. The only other evidence provided by Mr. Coward in his direct testimony was a reference to the Court's Time Stamp Investigation Summary to support his claim that the time stamped on the April 30, 2020 Claim Form was inaccurate and in an effort to explain the inconsistency with his testimony asserting a filing prior to midnight. Upon questioning by the Court, Mr. Coward acknowledged that the only stamps on the April 30, 2020 Claim Form are the U.S. Marshal Stamp and the Court of Appeals Stamp. In addition, Mr. Coward's testimony confirmed that the Coward Proof of Claim was stamped by the machine for the U.S. District and Bankruptcy Court and deposited in the correct drop box after noon on May 1, 2020.

<u>Analysis</u>

*Legal Standard*

The question before the Court is whether, contrary to this Court's findings in the Memorandum, Mr. Coward timely filed an unsecured claim on April 30, 2020. If Mr. Coward has a timely claim, then the Trustee's Second Report cannot be approved.[4] If Mr. Coward does not

---

[4] If the Court were to determine that Mr. Coward timely filed a claim, such determination would be without prejudice to the Trustee's right to file an objection to any such claim on any basis other than timeliness including the alleged priority and merits of the underlying obligation.

have a timely filed claim, then the Court may approve the Trustee's Second Report and dividends paid to creditors.

The Notice in this case established April 30, 2020, as the deadline for creditors to file a timely proof of claim. The proof of claim deadline was set by the Clerk of Court pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(5) (the "Bankruptcy Rules," and each individually a "Bankruptcy Rule").[5] Fed. R. Bankr. P. 3002(c)(5). In a chapter 7 case, the deadline established by Bankruptcy Rule 3002(c)(5) may only be extended by the Court upon motion and in the limited circumstances enumerated by Bankruptcy Rule 3002(c)(6). *See* Fed. R. Bankr. P. 9006(b)(3) ("The court may enlarge the time for taking action under Rules . . . 3002(c) . . . only to the extent and conditions stated in those rules."). Specifically, a creditor in a chapter 7 case requesting an extension of time to file a timely claim must file a motion and prove that (i) notice was insufficient to give the creditor a reasonable time to file a proof of claim *because the debtor failed to timely file the list of creditors' names and addresses* or (ii) notice was insufficient under the circumstances to give the creditor a reasonable period to file a proof of claim *and the notice was mailed to the creditor at a foreign address*. *See* Fed. R. Bankr. P. 3002(c)(6), emphasis added. Despite Mr. Coward not being included in the original creditor matrix, the record is clear that Mr. Coward had actual knowledge of this case prior to the issuance of the Notice. As set forth in Mr. Coward's various filings, his mailing address not a foreign address. Thus, even if the Court treats the Second Objection as a motion under Bankruptcy Rule 3002(c)(2), the facts are clear that Mr. Coward is

---

[5] Bankruptcy Rule 3002(c)(5) establishes that "If a notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, <u>the clerk shall give at least 90 days' notice by mail to creditors of that fat and of the date by which proofs of claim must be filed</u>." Fed. R. Bankr. P. 3002(c)(5) (Emphasis added).

10

not entitled to relief under either of the subsections thereto. Therefore, the Court cannot extend the time in with Mr. Coward could have filed a timely proof of claim beyond the original April 30, 2020 deadline. In order to be entitled to a dividend as a general unsecured creditor, the Court must find that Mr. Coward timely filed a proof of claim.

Having determined that the Court cannot extend the filing deadline, the Court must address whether the facts alleged with respect to the April 30, 2020 Claim Form are sufficient to find that Mr. Coward timely filed a proof of claim on April 30, 2020. As set forth in the Notice and Bankruptcy Rule 5005, Mr. Coward was required to file a proof of claim with the clerk of the United States Bankruptcy Court for the District of Columbia. Fed. R. Bankr. P. 5005(a). On examination from the Court, Mr. Coward stated he could not remember into which box he placed the April 30, 2020 Claim Form, despite filing the Coward Proof of Claim in the correct drop box on May 1, 2020. The only evidence of the location of filing of the April 30, 2020 Claim Form is the date stamp from the Court of Appeals, pursuant to which the Court infers any filing would have been placed into the drop box for the Court of Appeals, not that for the District and Bankruptcy Courts. However, if such a filing was received by any clerk's office, pursuant to Bankruptcy Rule 5005(c), such filing would have been date-stamped and then transmitted to the clerk of this Court where it would have been date-stamped for receipt and filing. Even if the document was stamped by the Court of Appeals's date stamp and placed into the U.S. District and Bankruptcy Court drop box, as set forth below, the use of the Court of Appeals's date stamp precludes applying a presumption of filing on a date prior to actual physical receipt by the clerk's office.

Local Bankruptcy Rule 5005-1(d) sets for the standards and requirements for the use of the drop box and modifies the time-stamp rules set out in the Bankruptcy Rules for those documents which meet its requirements. Specifically, Local Bankruptcy Rule 5005-1(d) requires that when a document is filed using the Bankruptcy Court's overnight drop box:

(1) the back of the last page of the document must be time-stamped using the Bankruptcy Court's time-stamp machine that is next to the overnight drop box;[6]

(2) the document must be deposited in the overnight drop box in accordance with instructions of the Clerk of the Bankruptcy Court that are posted in front of the overnight drop box;

(3) the document will be presumed filed as of the date and time-stamped on the back of the last page of the document (and the Clerk shall include a copy of that page showing a date and time-stamp as part of the document as filed electronically in the Electronic Case Filing system); and

(4) in the absence of a date and time stamp on the back of the last page of the document pursuant to paragraph (1) above, the document will be treated as filed when the Clerk retrieves the document from the overnight drop box, and marks the document as filed.

Therefore, under the local rules of this Court, if a party properly follows the requirements set out in Local Bankruptcy Rule 5005-1(d), a paper document may be filed after-hours and retain the presumption of the date of filing prior to midnight instead of defaulting to the date of receipt by the clerk of court from the drop box and under Bankruptcy Rule 5005.

*Mr. Coward Does Not Have a Timely Claim*

As stated above, the deadline for creditors to file proofs of claim in this case was April 30, 2020. Mr. Coward alleges that he timely filed a Proof of Claim in the Court's drop box shortly

---

[6] The Court notes that local practice has accepted and docketed a pleading with a date-stamp on either the front or back of the document as filed on the date of the stamp regardless of location. There is no official precedent on this issue and this opinion does not adopt or otherwise opine on this practice.

before the midnight deadline, but the alleged filing was neither entered into the Court's Claims Register, nor received by the Clerk's Office. Only after entry of the Court's *Memorandum Decision* in which the Court denied payment in full of the Coward Proof of Claim[7] did Mr. Coward file a copy of the April 30, 2020 Claim Form as an exhibit to his Second Objection contending that he had a timely filed claim.

In deciding whether the April 30, 2020 Claim Form should be entered and considered as a timely filed proof of claim, the Court must determine (1) whether the April 30, 2020 Claim Form was filed in any of the drop boxes in the courthouse; (2) if the April 30, 2020 Claim Form was filed in a drop box, whether it was appropriately filed prior to midnight on April 30, 2020 in order to be entitled to the presumption of filing on May 1, 2020; and (3) if the April 30, 2020 Claim Form was not presumed filed on April 30, 2020, whether circumstances warrant the Court waiving the requirements found in Local Bankruptcy Rule 5005-1(d) sufficient to docket the April 30, 2020 Claim Form as filed on April 30, 2020. As set forth herein, under any of these scenarios, the facts do not support a determination that the April 30, 2020 Claim Form should be deemed timely filed.

### A. *The Filing of the April 30, 2020 Claim Form*

There is no clear showing that Mr. Coward in fact filed the April 30, 2020 Claim Form by placing it any of the drop boxes at the courthouse. When questioned by the Court, Mr. Coward stated he could not remember into which box he allegedly placed the April 30, 2020 Claim Form. Despite the stamped copy attached to the Second Objection, a filed copy of a similar document was never received by the clerk of this Court, the clerk of the U.S. District Court, or the clerk of

---

[7] Or the $100,000 undocumented claim set forth in the First Objection.

the Court of Appeals. Pursuant to Bankruptcy Rule 5005(c), any paper intended to be filed with the clerk of the bankruptcy court are, after the date of receipt is noted on the pleading, forwarded forthwith to the clerk of the bankruptcy court for docketing. As the April 30, 2020 Claim Form was never transmitted to the clerk of the bankruptcy court, the Court may only interpret such failure as an indication that no such filing was ever received by any clerk's office in the District of Columbia. However, in light of the impact of the COVID-19 epidemic on the court's staffing, and despite clear and convincing evidence to the contrary, for purposes of this Order the Court will treat the April 30, 2020 Claim Form as having been deposited into the Court of Appeals's drop box consistent with the Court of Appeals Stamp included thereon.

> B. *The April 30, 2020 Claim Form is not Entitled to the Presumption of Filing on April 30, 2020*

Due to the recognized issues with the time of the Court of Appeal's date stamp on or about April 30, 2020, the record does not clearly show whether Mr. Coward stamped the April 30, 2020 Claim Form with the Court of Appeals Stamp just before or just after midnight on April 30, 2020.[8] Further, the Court cannot accept the U.S. Marshal Stamp as evidence of a date or time of filing. The U.S. Marshal Stamp does not have a time component; nor is it intended to serve as evidence of the filing of a document. Rather it is intended to document the security scanning of items carried by the public into the courthouse, including into the overnight drop box location. The evidence is that the marshal on duty overnight would have had to manually reset the date on the stamp, and

---

[8] Mr. Coward testified that he filed the April 30, 2020 Claim Form just before midnight on April 30, 2020. The variance of the Court of Appeals's date stamp, as determined by the clerk's office the next day to be 2 hours and 57 minutes, suggests that Mr. Coward may have stamped the April 30, 2020 Claim Form at 12:02 a.m. on May 1, 2020. But it is uncertain whether the variance was precisely the same the night before. Any determination on this issue would be nothing more than mere conjecture and not a showing of fact.

there is no evidence that such adjustments are completed precisely at midnight on a given date. Similarly, it may well be that Mr. Coward arrived at the courthouse and had the April 30, 2020 Claim Form scanned by the marshal on duty just before midnight, but then stamped it using the Court of Appeals date stamp just after midnight. Assuming the April 30, 2020 Claim Form was filed, there is no evidence sufficient to determine to a certainty if such filing was in the minutes just before or after midnight on April 30, 2020.

Under these facts, Local Bankruptcy Rule 5005-1(d) is determinative, and is intended to clarify the date of a filing that is not otherwise clearly established by the evidence. The April 30, 2020 Claim Form was not stamped with this Court's date stamp. Local Bankruptcy Rule 5005-1(d)(4) provides that in this circumstance (and consistent with Bankruptcy Rule 5005(c)) the document is treated as filed when retrieved from the drop box—in this case, no earlier than the morning of May 1, 2020. Later, on May 1, 2020, the Coward Proof of Claim was signed, dated, and stamped with this Court's date stamp, and deposited into this Court's drop box. Therefore, Local Bankruptcy Rule 5005-1(d)(4) provides that the proof of claim at issue—whether the April 30, 2020 Claim Form or the Coward Proof of Claim[9]—was filed on May 1, 2020 and, therefore, was not timely filed.

C. *There is No Basis to Waive the Requirements of Local Bankruptcy Rule 5005-1*

Bankruptcy Rule 5005(c) provides the Court discretion to deem a document as filed on "the date of its original delivery" where it would be "[i]n the interest of justice" in light of an error in filing or transmittal, such as filing a paper with the wrong official or court. Fed. R. Bankr. P.

---

[9] The two documents are substantially identical except for an updated attachment thereto, which is not relevant to the analysis herein.

15

5005(c). However, the present circumstances do not qualify for relief under this provision. A claimant seeking relief under Bankruptcy Rule 5005(c) must "offer a convincing justification or explanation for its untimely filing." *See In re MarchFIRST, Inc.*, 573 F. 3d 414, 417 (7th Cir. 2009) (quoting *In re Outboard Marine Corp.*, 386 F.3d 824, 828 (7th Cir. 2004))(internal punctuation removed). Mr. Coward was questioned by this Court specifically regarding the filing of the April 30, 2020 Claim Form, and no clear justification or explanation for the untimely and inappropriate drop box filing was provided. Further, less than 24 hours after the filing of the April 30, 2020 Claim Form, Mr. Coward appropriately filed the Coward Proof of Claim, undermining any argument that he did not understand how to appropriately use the Court's drop box.

An error that occurs in the course of waiting until literally the last minutes before the deadline is not typically one occurring for good reason or one for which the Court should invoke its discretion to cure. *See In re Kmart Corp.*, 381 F.3d 709, 715 (7th Cir. 2004); *cf. In re Pendergrass*, 376 B.R. 473, 480 (Bankr. E.D. Pa. 2007) ("The danger in waiting until the eve of the § 523(c) deadline before attempting to use an unfamiliar filing system is obvious."). Nor does an error by the filer, such as mistakenly placing a document into the wrong drop box, qualify the filer for waiver of the requirements in this Court's Local Rules to presume an after-hours paper filing as filed at the time of filing, and not the date on which the clerk actually receives such pleading. The analysis to be applied to relief from Local Bankruptcy Rule 5005-1(d) is similar to that required for relief under Bankruptcy Rule 5005(c). The Court's local rule provides the limited situation in which a pleading filed in court's drop box will be presumed filed as of the date and time stamp and not upon clerk's receipt. Failure to file pursuant to the requirements of Local Bankruptcy Rule 5005-1 does not invalidate the filing, it simply results in the date of filing to be

the date of the clerk's receipt. In this case, grounds do not exist to waive the requirements under Local Bankruptcy Rule 5005-1(d) and the April 30, 2020 Claim Form (if filed) would be deemed filed as of May 1, 2020 upon the Court's receipt.

Therefore, the Court finds that pursuant to Bankruptcy Rule 5005 and Local Rule 5005-1 regardless of which of Mr. Coward's filings are considered (the April 30, 2020 Claim Form or the Coward Proof of Claim), any claim filed by Mr. Coward was filed on May 1, 2020 and was untimely. As a result, the Trustee's Second Report appropriately provides for the Coward Proof of Claim and should be approved.

## Conclusion

Therefore, for the reasons stated herein, it is

ORDERED that Creditor Rich T. Coward's *Objection* (ECF No. 117) to the Trustee's *Amended Final Report and Proposed Distribution* is OVERRULED. It is further

ORDERED that the Trustee's *Amended Final Report and Proposed Distribution* (ECF No. 116) is APPROVED.

[Signed and dated above.]

Copies to: All creditors; E-recipients of orders.

Rich T. Coward
1341 Jonquil Street, N.W.
Washington, D.C. 20012